Carrasco v. United States of America et al
Case 3:06-cv-05104-RJB   Document 18   Filed 02/12/2007   Page 1 of 5
Doc. 18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CELERINO CARRASCO,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES GOVERNMENT, *et al.*,<br><br>    Defendants. | Case No. C06-5104RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 9, 2007 |

This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court on re-referral to the undersigned by an Order dated February 7, 2007. For the reasons set forth below, the undersigned recommends dismissal of this lawsuit without prejudice for failure to properly serve the complaint on defendants or with prejudice because the Amended Complaint fails to state a cognizable claim.

## PROCEDURAL AND FACTUAL BACKGROUND

This matter was initiated by Plaintiff on or about February 14, 2006, when the Court Clerk received a proposed complaint (Doc. 1). At the time the complaint was initially submitted Plaintiff was an immigration detainee at the Northwest Detention Center. On March 1, 2006, the Clerk sent Plaintiff a letter explaining that his submission was deficient as it needed to be accompanied by the filing fee ($250.00) or an application to proceed *in forma pauperis.*

On May 1, 2006, the undersigned reviewed the matter. The court explained

> Plaintiff must either pay the required filing fee or submit an appropriate motion to proceed in forma pauperis. The court notes that on or about February 28, 2006, Plaintiff was

REPORT AND RECOMMENDATION
Page - 1

|   |   |
|---|---|
| 1 | deported to Mexico, and thus, plaintiff is no longer in custody. |
| 2 | (2) Due to the facts above (a deficient and incomplete application and his status as a free individual) the court should not impose the in forma pauperis laws applicable to those that are in custody (28 U.S.C. § 1915). In order to proceed with this lawsuit, by not later than May 31, 2006, plaintiff shall either pay the requisite filing fee of $250.00 or file an application to proceed in forma pauperis, based on his current income and/or employment status in Mexico. |

See Doc. 4. On May 22, 2006, in response to the court's order, Plaintiff filed an application to proceed *in forma pauperis* along with a proposed amended complaint (Doc. 5). The application to proceed as a pauper was presented on the form used for prisoners (Plaintiff actually marked both boxes to indicate that he was both incarcerated and not incarcerated), but nonetheless, the court reviewed the statements in the application, and on June 23, 2006, the undersigned granted his application

Several months passed and on October 30, 2006, the undersigned reviewed the file to determine the status of the case. It did not appear that Plaintiff had ever requested the Court Clerk to issue the appropriate summonses and Plaintiff had not filed any proof of service of the complaint, thus, the court issued an order allowing Plaintiff the opportunity to either perfect service or explain why more time to allow for service should be granted (Doc. 11). Plaintiff failed to respond to the court's order, and the undersigned recommended dismissal of the matter (Doc. 12).

On December 26, 2006, the Court adopted the undersigned's recommendation to dismiss this matter for failure to prosecute (dismissing the case without prejudice). However, on February 5, 2007, the Court Clerk received a pleading from Plaintiff, entitled, "Proof Certify of Service Receipt and Objection Against Order of Dismissal" (Doc. 15). The Court considered Plaintiff's declarations as an attempt to show that he has properly served summonses and a request for reconsideration of the earlier dismissal. On February 7, 2007, the Court granted the motion for reconsideration, vacating the dismissal and re-referred the matter to the undersigned magistrate judge for further review. After reviewing this document, and the balance of the record, the undersigned submits this report, recommending dismissal of this matter for lack of prosecution and frivolity.

## DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of

REPORT AND RECOMMENDATION
Page - 2

1  process under 28 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* <u>Franklin</u>
2  <u>v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984)).    A plaintiff must allege a deprivation of a federally
3  protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983. <u>Baker v. McCollan</u>, 443
4  U.S. 137, 140 (1979).  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l)
5  the conduct complained of was committed by a person acting under color of state law and that (2) the
6  conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the
7  United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled on other grounds*, <u>Daniels v.</u>
8  <u>Williams</u>, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if
9  both of these elements are present. <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert.*
10 *denied*, 478 U.S. 1020 (1986).  Section 1915(e) of the PLRA requires a district court to dismiss an in
11 forma pauperis complaint that fails to state a claim.  28 U.S.C. § 1915; <u>Barren v. Harrington</u>, 152 F.3d
12 1193, 1194 (9th Cir.1998).

13   Rules 4 of the Federal Rules of Civil Procedure govern how and when service of a summons and a
14 copy of the complaint is required to properly commence a civil action. Rule 4(c)(2) of the Federal Rules of
15 Civil Procedure clearly states that service of a summons shall be served together with copy of the
16 complaint and the plaintiff is responsible for service of a summons and complaint within the proper time
17 period. Rule 4(c).  The rule further states that service "may be effected by any person **who is not a party**
18 and who is at least 18 years of age" (emphasis added).   Exceptional steps must be taken to perfect service
19 when the defendant is a corporation, association, the U.S. government or governmental agencies. See
20 Rules 4(h), 4(i), and 4(j). In relevant part, FRCP 4(m) provides:

21  Time limit for service.  If service of the summons and complaint is not made upon a
    defendant within 120 days after the filing of the complaint, the court, upon motion or upon
22  its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to
    that defendant or direct that service be effected within a specified time; provided that if the
23  plaintiff shows good cause for the failure, the court shall extend the time for service for an
    appropriate period.
24
    Rule 4(l) states, in relevant part, "If service is not waived [a procedure described in rule 4(d)] the person
25
    effecting service shall make proof thereof to the court."
26
       After carefully reviewing the standards set forth above and Plaintiff's pleadings made in response to
27
    the court's concerns that a copy of the Amended Complaint along with a summons have not been properly
28
    served on each defendant, the undersigned finds Plaintiff's most recent document and pleading filed on

REPORT AND RECOMMENDATION
Page - 3

February 5, 2007, does not contain any kind of proof to suggest otherwise. The statements made by Plaintiff show that he has receipts for sending something to Wiel Clark/Mike Melendez of the Department of Homeland Security in Tukwila, Washington on December 14, 2006. This does not provide sufficient proof that defendants, named in his Amended Complaint, received an appropriate summons, issued by the Court Clerk, along with a copy of the Complaint and/or Amended Complaint.

The fact that Plaintiff is proceeding *in forma pauperis* does not relieve him of the duty to serve summonses and copies of his complaint on defendants. Rule 4(c)(2) provides the option of allowing a plaintiff to request that service be made by the U.S. Marshall, deputy Marshall, or other person or officer specially appointed by the court, and that "Such appointment must be made when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 or is authorized to proceed as a seaman under 28 U.S.C. §1916." Since passage of the Prisoner Litigation Reform Act ("PLRA") 28 U.S.C. § 1915 specifically pertains to prisoners proceeding in forma pauperis. Thus § 1915(d) which states, "The officers of the court shall issue and serve all process, and perform all duties in such cases" does not apply here. At the time Plaintiff submitted his initial complaints, he was an immigration detainee; he was never a prisoner. At the time Plaintiff submitted his application to proceed in forma pauperis and when it was granted, Plaintiff was living and residing in Mexico without any of the restrictions or limitations the court would normally assessing a prisoner litigant (or a seaman). There are at least two Ninth Circuit cases that hold specifically that an immigration detainee who is not facing criminal charges is not a "prisoner" under the PLRA. *See* Andrews v. King, 398 F.3d 1113 (9th Cir. 2005) (noting that in Agyeman v. INS, 296 F.3d 871, 886 (9th Cir. 2002) it had held that an INS detainee who does not also face criminal charges is not a prisoner under 28 U.S.C. §1915).

Local Rule CR 4(c) supplants the federal rule to certain extent. Local Rule CR 4(c) provides:

> Except as provided for herein, the United States Marshals Service is relieved from any and all civil process serving responsibilities within this district on behalf of private litigants. The private litigant or attorney of record for the private litigant shall make appropriate arrangements with a person authorized to serve process. Upon order of this court or pursuant to an express statutory provision, however, the United States Marshals Service shall make service of civil process on behalf of a private litigant or his attorney or record.

The undersigned is unaware of any express statutory provision that would apply in this case where Plaintiff is a private litigant who happens to now reside in Mexico. He is responsible for properly serving a summons and copy of his complaint or amended complaint on each of the defendants named. As noted

REPORT AND RECOMMENDATION
Page - 4

above, Plaintiff has failed to file sufficient proof of service in this matter.

The Amended Complaint (Doc. 7) fails to allege with sufficient specificity any violation of U.S. Constitutional or federally protected rights.  Plaintiff discusses the fact that he wants an award due to a broken nose, mental anguish, and possibly discrimination.  Plaintiff fails to describe or allege the factual basis for this claim. The Amended Complaint names the United States Government, the Department of Homeland Security, and the Attorney General and Inspector in the caption of the pleading.  He lists the Correctional Service Corporation, Immigration Customs Enforcement, and Alberto Gonzalez as defendants in the body of the document.  See Doc. 7 at 2-3.  In the Statement of Claim portion of the Amended Complaint Plaintiff fails to allege any violation of his U.S. Constitutional or federally protected rights against any individuals who personally participated in the alleged violation(s).  As explained in the court's order to show cause, dated January 5, 2007, a defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978).  A theory of *respondeat superior* is not sufficient to state a § 1983 claim.  Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

## CONCLUSION

Based on the foregoing, the Court should dismiss this matter without prejudice for failure to properly serve defendants with a summons and copy of the complaint or the Court should dismiss this matter with prejudice because Plaintiff has failed to state any cognizable claim against any individual personal participant.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 9, 2007**, as noted in the caption.

DATED this Monday, February 12, 2007.

       */s/ J. Kelley Arnold*
       J. Kelley Arnold
       United States Magistrate Judge